IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

ELIZABETH BRUCE,

    Plaintiff,

v.

CRACKER BARREL OLD COUNTRY     NO. _____
STORE, INC.     JURY DEMAND

    Defendant.

## COMPLAINT

THE PLAINTIFF, **ELIZABETH BRUCE**, files this Complaint against the Defendant, Cracker Barrel Old Country Store, Inc. She shows:

## I.
## PARTIES, JURISDICTION, AND VENUE

1. The Plaintiff is **ELIZABETH BRUCE**, a resident of Gallatin, Tennessee.

2. The Defendant, **CRACKER BARREL OLD COUNTRY STORE, INC.,** is a business operating in Sumner County, employing Plaintiff at a Hendersonville, Tennessee store location.

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction) under the Family and Medical Leave Act.

4. Venue is proper in the Middle District of Tennessee under 28 U.S.C. §1391(b)-(c).

5. At times relevant hereto, Plaintiff was an FMLA "eligible employee", specifically under 29 U.S.C. Section 2611(2)(A), i.e. one who worked more than 1,250 hours in the 12 month period preceding her leave.

1

6. At all times material to this action, Defendant has been engaged in commerce as defined by § 2611(1) of the FMLA.

## III.
## FACTUAL BASES FOR SUIT

7. In 2009 and into 2010, Plaintiff was pregnant and expecting her child in late August or May of 2010.

8. Defendant hired a new manager around early 2010, William Thomas, who, unlike his predecessor, was hostile to Plaintiff's pregnancy. Whereas before, Plaintiff was able to take breaks, rehydrate, and get reasonable assistance as needed, Thomas was uncompromising and refused any breaks.

9. Plaintiff worked until almost the full term date of birth, into May of 2010, and then took what she believed would be FMLA leave for care of herself (immediately prior to the birth) and, then, the birth of the child.

10. Defendant initially advised Plaintiff that FMLA leave was not available to her until she actually gave birth to the child, not before, and, therefore, she would be terminated but could reapply later.

11. Plaintiff complained to Defendant's home office and the termination was avoided.

12. Plaintiff gave birth to her son May 5, 2010.

13. Plaintiff then took FMLA leave for her son and returned to work around August of 2010, expecting full time work.

14. When she returned, Plaintiff was breast feeding her child and, therefore, needed to pump at work.

15. In Tennessee, employees enjoy a statutory right to such breaks:

**Tenn Code Ann. 50-1-305. Breast milk expressing by employees -- Break time and**

2

**place.**

**(a)** As used in this section, "employer" means a person or entity that employs one (1) or more employees and includes the state and its political subdivisions.

**(b)** An employer shall provide reasonable unpaid break time each day to an employee who needs to express breast milk for that employee's infant child. The break time shall, if possible, run concurrently with any break time already provided to the employee. An employer shall not be required to provide break time under this section if to do so would unduly disrupt the operations of the employer.

**(c)** The employer shall make reasonable efforts to provide a room or other location in close proximity to the work area, other than a toilet stall, where the employee can express breast milk in privacy. The employer shall be held harmless if reasonable efforts have been made to comply with this subsection (c).

16. When Plaintiff requested such breaks, Defendant advised her that it was "too inconvenient" because, being a restaurant, customer demands took precedence. Plaintiff protested this act by Defendant to the home office, but it did not change.

17. Plaintiff also observed that she was being denied hours of work. When she complained, Defendant pointedly informed her that she was being denied hours because she had taken a "prolonged leave" for her baby.

18. In approximately February of 2012, Plaintiff reported that she experienced sexual harassment by the manager. She also participated in an investigation of the claims of sexual harassment. The sexual harassment included both inappropriate language (what the offender would like to do to Plaintiff sexually) and touching (rubbing her shoulder, arms, etc.) and demeaning statements (women should be in kitchen, barefooted). Plaintiff found the environment hostile, degrading, unwelcome, and offensive.

19. Defendant refused to separate the alleged harasser from Plaintiff.

20. Defendant claimed Plaintiff had not experienced sexual harassment.

21. Defendant claimed Plaintiff's complaints were illegitimate.

22. Defendant's non-separation and non-handling caused understandable tension in the workplace.

23. On or about June 16, 2012, Defendant terminated Plaintiff's employment. Defendant advised Plaintiff that she had given food to a co-worker sitting at a table without requiring that co-worker to pay for the food.

24. Plaintiff advised this was most certainly not the case, and had the co-worker advise management that this simply did not occur.

25. Nonetheless, Defendant said it disbelieved Plaintiff and the co-worker, and the termination decision stood.

26. Upon information and belief, Defendant did not terminate the co-worker whom Defendant (falsely) claimed ate the free food. This *alleged* act of a worker eating food without paying also violates company policy.

## IV.
## RETALIATION CLAIMS

27. Defendant's reason for discharge is pretextual. Defendant was motivated by grudge(s) against Plaintiff, including:

    A. <u>THRA Retaliation.</u>  Plaintiff's reports of sexual harassment; and/or

    B. <u>Retaliation ("Whistleblowing").</u>  Plaintiff's opposition, or refusal to remain silent about, the denial of her statutory right for breaks to express breast milk under Tenn. Code Ann. 50-1-305, under the Tennessee Public Protection Act and/or common law of retaliation.

## V.
## FMLA CLAIMS

28. Additionally, Defendant interfered with Plaintiff's FMLA leave, including her

right to job restoration with appropriate hours.

29. Also, Defendant retaliated against Plaintiff for taking leave by denying her work hours due to so-called "prolonged leave."

30. Plaintiff seeks injunctive relief to remove the unlawful termination from her record. She seeks damages to include all lost wages (back pay and, if applicable, front pay), compensatory damages for the emotional experience of being fired under these circumstances, liquidated damages, and her attorneys fees and costs.

31. Plaintiff respectfully demands a jury.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF requests Defendant Answer this Complaint, that Plaintiff be Awarded all monetary and compensatory damages available, any other equitable relief, injunctive relief, liquidated damages, attorneys fees, costs, prejudgment interest and post-judgment interest, and any further relief at either law or equity to which she may be entitled.

Respectfully submitted,

GILBERT RUSSELL McWHERTER PLC

/s/ Justin S. Gilbert
JUSTIN S. GILBERT (017079)
MICHAEL L. RUSSELL (20268)
JONATHAN L. BOBBITT (23515)
JESSICA F. SALONUS (28158)
101 North Highland
Jackson, Tennessee 38301
(731) 664-1340
(731) 664-1540 (Facsimile)
jgilbert@gilbertfirm.com
mrussell@gilbertfirm.com
jbobbitt@gilbertfirm.com
jsalonus@gilbertfirm.com

*ATTORNEYS FOR PLAINTIFF*